■ In the Matter of the Claim of JOHN MARTINEZ, Deceased, Respondent, v. REPUBLIC STEEL CORP., Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Per Curiam. A self-insured employer appeals from awards of the Workmen's Compensation Board for the funeral expenses of deceased and under sections 15 (subd. 9) and 25-a of the Workmen's Compensation Law. Claimant, long employed in various laboring capacities associated with iron ore mining and the manufacture of steel, contracted silicosis, an occupational disease, for disability arising from which he received awards from November 23, 1955 to August 29, 1958, the date of his death. A Referee found that his demise, whose direct cause was ascribed in the certificate of death to cancer of the lung with silicosis as an antecedent cause, was not causally related to the silicotic condition and disallowed the claim. Upon review the board in the interest of justice referred the claim to its chairman for the designation of an impartial specialist in diseases of the lung for an opinion as to causal relationship. Doctor Schwartz was so designated and later reported and testified that in his opinion decedent died of cancer of the lung which was not causally related to the underlying silicosis. Upon the return of the case for reconsideration, the decision of a majority of the board panel alluded to the testimony of the impartial specialist concerning the physically debilitating effect of silicosis in general and upon the cardiopulmonary organs in particular and the limitations which its presence imposed on the treatment of the carcinoma by X ray and surgery and found, as the predicate for the awards, that the pre-existing silicotic condition hastened decedent's death from cancer of the lung. When read in its entirety we find nothing in Doctor Schwartz' testimony which can be fairly said to be expressive of an opinion that the debilitation associated with silicosis influenced the progression of the malignancy. Nor is there medical opinion evidence that radiographic therapy or surgical intervention, even if advised, would have prolonged decedent's life span. (Cf. Matter of Lighter v. Freeman & Sons, 14 A D 2d 470; Matter of Murray v. Direen Operating Co., 15 A D 2d 851, mot. for lv. to app. den. 11 N Y 2d 644.) On this record we conclude that the board's finding is not supported by substantial evidence. (See Matter of Kornblum v. S. & S. Produce, 4 A D 2d 719.) Decision reversed and matter remitted for further proceedings not inconsistent herewith, with costs against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.